IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| BYRON HALE DELAVAN, | ) Case No. 1:23-cv-316 |
| | ) |
| | ) |
| | ) RICHARD A. LANZILLO |
| Petitioner | ) Chief United States Magistrate Judge |
| | ) |
| v. | ) |
| | ) MEMORANDUM OPINION ON |
| UNITED STATES BUREAU OF | ) PETITION FOR WRIT OF HABEAS |
| PRISONS, et al., | ) CORPUS |
| | ) |
| | ) |
| Respondents | ) ECF No. 5 |
| | ) |

I.    Introduction

Presently pending is a petition for writ of habeas corpus filed by pro se
Petitioner Byron Hale Delavan (Petitioner) pursuant to 28 U.S.C. § 2241.  ECF No.
5. For the following reasons, Petitioner's § 2241 petition must be dismissed based on
his failure to exhaust his claims.[1]

II.    Background

Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP),
currently incarcerated at FCI McKean.  In his petition for writ of habeas corpus,
Petitioner contends that the BOP failed to apply Federal Time Credits (FTC) to his

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all
proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

sentence and prerelease custody pursuant to the First Step Act (FSA).[2] He seeks an order directing the BOP to "award him the 196 days which the BOP has disallowed for FSA purposes." ECF No. 5 at p. 7.

III.    Discussion

An inmate seeking habeas relief pursuant to § 2241 must first exhaust the BOP's administrative remedies as to his claim. *See, e.g., Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (citing *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)). The exhaustion requirement: (1) fosters administrative autonomy by providing the BOP with the opportunity to correct its own errors before the federal court becomes involved; (2) conserves judicial resources by permitting the BOP to grant the relief requested if such relief is warranted; and (3) facilitates judicial review, in the event that such review is ultimately required, by allowing the BOP the opportunity to develop a factual record and apply its expertise. *See, e.g., Moscato*, 98 F.3d at 761-62.

Pursuant to 28 C.F.R. § 542.13, inmates are first encouraged to attempt to resolve their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution fails, the inmate may file a formal complaint with the Warden of his institution. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he

---

[2] The FSA permits earned time credits to be applied toward earlier placement in pre-release custody or toward a term of supervised release. 18 U.S.C. § 3632(d)(4)(C).

may file a Central Office Appeal with the BOP's Office of General Counsel within 30 days of the date of the Regional Director's response. *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP. *Id.* If, at some level, the inmate does not receive a response within the time allotted for reply, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

In the instant case, records submitted by the BOP indicate that Petitioner submitted three requests for administrative remedies concerning FSA and time credits prior to filing his Petition. *See* ECF No. 11-1 ¶¶ 7-9. The first, No. 1142545, was filed on November 22, 2022. *Id.* ¶ 7. Petitioner withdrew that request on November 29, 2022, and no further action was taken. *Id.*

Petitioner's second administrative request, No. 1148973, was filed on January 23, 2023. *Id.* ¶ 8. That request was denied at the initial level of review on January 30, 2023, and Petitioner did not appeal. *Id.*

Petitioner's third and final administrative request, No. 1170731, was filed on August 3, 2023. *Id.* ¶ 9. That request was denied on August 9, 2023. *Id.* Although Petitioner attempted to appeal that denial to the Northeast Regional Office, his appeal was rejected on November 1, 2023, because several pages were not legible. *Id.* Petitioner was instructed to resubmit his appeal but failed to do so. *Id.*

Because Petitioner did not properly appeal any of these adverse decisions to the Regional or Central Office, his claim has not been exhausted. Moreover, because the period in which to exhaust his claim has long expired, his claim has now been procedurally defaulted. *See, e.g., Moscato*, 98 F.3d 761-62; *Spicer v. Ebbert*, 2019 WL

1841467, at *4 (M.D. Pa. Feb. 15, 2019) ("[The] exhaustion rule in federal habeas corpus proceedings is also subject to a procedural default requirement."). As noted by the Third Circuit, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *Id. See also Beckford v. Martinez*, 408 Fed. Appx. 518, 520 (3d Cir. 2010) ("[T]he record reflects that [the petitioner's] administrative appeals were rejected as untimely. Absent a showing of cause and prejudice for his procedural default, review of the merits of [his] habeas petition is barred.").

Petitioner concedes that he did not properly exhaust his administrative remedies. ECF No. 14 at p. 6 (admitting that Petitioner "chose to bypass the administrative process"). Instead, he argues that the administrative process is "lengthy" and, had he continued to attempt to exhaust his administrative remedies, he would have been "hard put to it to resolve this issue before it became moot" due to the passage of time. *Id.* He also cites *Huihui v. Derr*, 2023 WL 4086073 (D. Haw. June 20, 2023), for the proposition that the exhaustion requirement may be excused where a case "relies on a dispositive issue of law that Respondent appears to misunderstand." *Id.* at p. 5; *Huihui*, 2023 WL 4086073, at *3.

A failure to exhaust administrative remedies may only be excused in "rare circumstances." *Powell v. Christensen*, 2023 WL 2060712, at *2 (M.D. Pa. Feb. 16, 2023). For example, "exhaustion may be excused where it 'would be futile, if the

4

actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" *See Brown v. Warden Canaan USP*, 763 Fed. Appx. 296, 297 (3d Cir. 2019) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)). Notably, courts have repeatedly held that FSA earned-time-credit disputes are "unrelated to statutory construction" and thus "must first be properly exhausted through the BOP system." *Delgado v. Barraza*, 2023 WL 4553380, at *2 (M.D. Pa. July 14, 2023); *Bell v. Finley*, 2022 WL 1721045, at *3 (M.D. Pa. May 27, 2022) (same). Consequently, the Court need only consider whether exhaustion in the instant case would have been futile.

Petitioner's first argument – that exhaustion was futile because it would have taken too long and would have been unsuccessful – can be quickly dismissed. "[D]istrict courts within the Third Circuit have repeatedly rejected the argument that a federal prisoner can be excused from the exhaustion requirement simply because he is approaching his projected release date and may not finish his administrative appeal before a potential habeas claim would become moot." *Sutton v. Moser*, 2019 WL 2743959, at *4 (W.D. Pa. July 1, 2019) (collecting cases). *See also Bortolotti v. Knight*, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022) (noting that courts "have rejected these time restriction arguments," especially in cases where administrative exhaustion is necessary to establish a factual record regarding the Petitioner's contentions); *Allah v. Rechtenwald*, 2016 WL 6081524, at *3 (W.D. Pa. Aug. 19, 2016) ("A federal prisoner is not permitted to skip the exhaustion requirement and pursue

relief in federal court" because he believes that the administrative remedy process will not be completed in time). Nor is exhaustion rendered futile "simply because a prisoner anticipates he will be unsuccessful in his administrative appeals." *Powell*, 2023 WL 2060712, at *2 (collecting cases) (internal quotation omitted); *Cole v. Spaulding*, 2023 WL 3876486, at *2 (M.D. Pa. May 22, 2023) ("[A] petitioner's belief that exhaustion will be unsuccessful is not sufficient to excuse exhaustion.").

To the extent that Petitioner maintains that *Huihui* supports a waiver of the exhaustion requirement, the Court disagrees. In *Huihui*, the court excused a petitioner's failure to exhaust his claims as futile because it determined that the BOP's calculation of the petitioner's FSA credits stemmed from "an error in Respondent's understanding of when Petitioner can begin earning credits" under the statute. *Huiui*, 2023 WL 4086073, at *3. Courts in this Circuit, however, have declined to excuse the exhaustion requirement under similar circumstances. *See, e.g., McMillian v. Warden FCI-Allenwood Low*, 2025 WL 1042313, at *2-3 (M.D. Pa. Apr. 8, 2025) (dismissing petition challenging start date for calculation of FSA credits for failure to exhaust and noting that "FSA time credit calculations are well within the purview of the BOP, which is best situated to address (and potentially correct) these issues in the first instance"); *Rolle v. Underwood*, 2024 WL 2137660 (W.D. Pa. April 3, 2024) (denying petition raising BOP's failure to award FSA credits for time between sentencing date and arrival at BOP facility based on failure to exhaust). In the absence of any Third Circuit caselaw to the contrary, the Court declines to excuse the exhaustion requirement in the instant case. Accordingly, Petitioner's request for

habeas relief must be dismissed for failure to properly exhaust his claims. *See, e.g.,* *Vasquez,* 684 F.3d at 434 (district court properly dismissed federal prisoner's § 2241 petition because he failed to exhaust his administrative remedies); *Spicer,* 2019 WL 1841467, at *4 ("With respect to his complaints regarding this sentence calculation, Spicer is an inmate who has failed to exhaust his remedies, and now fails to provide cause and prejudice which excuses this earlier procedural default. Therefore, these unexhausted claims should be dismissed.").

IV.    Conclusion

For the foregoing reasons, Delavan's petition for a writ of habeas corpus will be dismissed because the claims asserted therein are procedurally defaulted.[3]  An appropriate order will follow.

Dated this 14th day of April, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[3] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean,* 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero,* 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler,* 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).